## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOHSSIN BAKKALI | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 2:20-cv-03440 |
| | : | |
| WALMART, INC. | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
## PURSUANT TO RULE 12(B)(6)

Defendant, Walmart Inc. (hereinafter "Walmart" or "Defendant"), by and through its undersigned counsel, Law Offices of McDonnell & Associates, P.C., hereby seeks dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and avers in support of its Motion to Dismiss as follows:

1.      Plaintiff, Mohssin Bakkali (hereinafter "Plaintiff") initiated this cause of action by filing a Complaint in this Court on July 14, 2020. *See* a copy of Plaintiff's Complaint attached hereto as Exhibit "A."

2.      Plaintiff filed an Affidavit of Service stating that he served Walmart on July 23, 2020. *See* a copy of Plaintiff's Affidavit of Service attached hereto as Exhibit "B."

3.      Plaintiff's Complaint asserts claims for racial/ethnic discrimination pursuant to 42 U.S.C. §1981 (hereinafter referred to as "Section 1981") and common law intentional infliction of emotional distress.

4.      Plaintiff is a Moroccan male who was raised Muslim. *See* Exhibit "A," ¶10.

5.      Plaintiff claims that he visited Walmart Store #5649 in Warrington, Pennsylvania on March 25, 2019 to purchase supplies for his limousine business. *Id.* at ¶¶ 10, 12.

1

6.      As he entered the Store, he alleges that a Walmart associate, who has been identified as an older African-American female named "Brenda," stated the following:

- "Jesus Christ is the only savior";

- "Any other believers are wrong"; and

- "[Allah] is teaching you tough things to go around the world to do."

*Id.* at ¶¶ 14, 18.

7.      Due to the fact that Plaintiff bracketed the word "Allah," it appears that the associate did not actually make any reference to "Allah"; and the actual word she used is not identified anywhere in the Complaint.

8.      Plaintiff makes no allegation that the associate commented on either his race or his ethnicity; rather, the alleged comments appeared to be related to the associate's own religious beliefs.

9.      Plaintiff alleges that he asked the associate to repeat herself after she said "Jesus Christ is the only savior" and asked her to apologize for her statement. *Id.* at ¶ 18.

10.     After this apparent verbal altercation, Plaintiff alleges that a single associate began to "track" him around the Store. *Id.* at ¶ 20.

11.     Plaintiff obtained an item and proceeded to the checkout area; but alleges that due to the "harassment" and "surveillance," he was so distressed that he did not make a purchase. *Id.* at ¶¶ 20-21.

12.     Plaintiff further alleges that he reported the incident to a manager named "Megan," who has been identified as an hourly customer service supervisor, and she took no immediate action to address the associate's behavior. *Id.* at ¶¶ 21-22.

13.    Section 1981 protects the right for "all persons" to make and enforce contracts "as is enjoyed by white citizens. . . ." *See* 42 U.S.C. §1981.

14.    The statute has been interpreted to protect against racial and ethnic discrimination only. *See Wallace v. Graphic Mgmt. Assocs.*, 2005 U.S. Dist. LEXIS 3298, *10, 2005 WL 527112 (E.D. Pa. Mar. 3, 2005) (where the plaintiff was barred from pursuing national original discrimination claims under Section 1981).

15.    Religion is not a protected trait under Section 1981. *Martin v. Enter. Rent-A-Car*, 2003 U.S. Dist. LEXIS 1191, *20, 2003 WL 187432 (E.D. Pa. Jan. 15, 2003) (granting summary judgment to the defendant on the plaintiff's religious discrimination claim under Section 1981) (*citing Powell v. Independence Blue Cross, Inc.*, No. 95-2509, 1997 U.S. Dist. LEXIS 3866, *17 (E.D. Pa. Mar. 26, 1997)); *see also St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987) (holding that a plaintiff of Middle Eastern descent could assert a Section 1981 claim if he proved that his intentional discrimination was based the fact that he was born an Arab, but not his national origin or religion).

16.    Section 1981 claims are analyzed pursuant to the burden-shifting framework set forth in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Singh v. Wal-Mart Stores, Inc.*, 1999 U.S. Dist. LEXIS 8531, *15-19, 1999 WL 374184 (E.D. Pa. Jun. 9, 1999) (*citing Stewart v. Rutgers, The State University*, 120 F.3d 426, 431-32 (3d Cir. 1997)).

17.    To establish a *prima facie* Section 1981 case in the retail context, the plaintiff must show that he is a member of a protected class; that he attempted to make, enforce or secure the performance of a contract; that he was denied the right to do so; and, that the opportunity to make, enforce or secure the performance of a contract for like goods or services remained available to similarly situated persons outside the protected class." *Singh*, *supra* at *17.

18.    "The ultimate burden of proving that a defendant engaged in intentional discrimination remains at all times upon the plaintiff." *Id.* at *18-19 (*citing St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993)).

19.    Plaintiff must prove that he was ***not merely deterred***, but ***actually prevented*** from entering into a contract on the basis of his race or ethnicity. *Ackerman v. Food-4-Less*, 1998 U.S. Dist. LEXIS 8813, *6-7, 1998 WL 316084 (E.D. Pa. June 9, 1998) (*citing Henderson v. Jewel Food Stores, Inc.*, 1996 U.S. Dist. LEXIS 15796, No. 96- C-3666, (N.D. Ill. Oct. 23, 1996)) (emphases added).

20.    Here, Plaintiff merely claims that an associate made three Christianity-based comments, and that another unidentified associate was looking at him after this apparent verbal altercation with an older female associate.

21.    There are no facts in the Complaint to suggest that the associate made racial or ethnic slurs toward Plaintiff.

22.    There are also no facts suggesting that the other unidentified associate did anything other than look at Plaintiff, which any person may do when they hear an argument or commotion.

23.    Clearly, Plaintiff took offense to the associate's alleged remarks; however, his Complaint fails to allege facts to support a finding that the comments constituted intentional discrimination on the basis of race or ethnicity.

24.    Based on the plain language of the Complaint, the associate made no comments whatsoever regarding Plaintiff's race or ethnicity.

25.    Rather, she appeared to be expressing her own Christian beliefs.

26.     It is further unclear whether the associate referenced "Allah" since this word is bracketed in the Complaint. *See* Exhibit "A" at ¶ 18.

27.     However, if she did, Islam is practiced by individuals from diverse racial and ethnic backgrounds.

28.     Likewise, individuals with Plaintiff's racial or ethnic makeup may practice a variety of religions or be non-religious.

29.     There are no facts to support a theory that the associate specifically targeted Plaintiff based on his Moroccan or Middle Eastern ancestry.

30.     The comments alleged in the Complaint pertained solely to religion, which is not a protected trait under Section 1981.

31.     Plaintiff's Complaint further fails to allege that he was actually prevented from entering into a contract.

32.     Nowhere in the Complaint does Plaintiff allege that Walmart actually interfered with his ability to make a purchase or denied him that right.

33.     Plaintiff was not detained, asked to leave, or discouraged from making a purchase in any manner.

34.     In the Complaint, Plaintiff merely seems to allege that he was offended and decided not to buy anything.

35.     Plaintiff's Complaint is also devoid of any allegations that the associate treated him differently than other, similarly-situated customers that did not possess his protected trait.

36.     There are simply no facts alleged to support a theory that this particular gentleman was targeted based on his race or ethnicity, or that the associate made no similar comments toward non-Middle Eastern customers.

5

37.    The Complaint, as alleged, does not state a plausible claim that Walmart interfered with Plaintiff's contractual rights based on his race or ethnicity.

38.    At most, it alleges that an associate, perhaps inappropriately, expressed her Christian beliefs to customers as they entered the Store.

39.    Therefore, Plaintiff's Section 1981 claim is implausible on its face and fails as a matter of law.

40.    Plaintiff further alleges the common law tort of intentional infliction of emotional distress (hereinafter referred to as "IIED").

41.    To prove IIED under Pennsylvania state law, a plaintiff must establish the following elements: "(1) the conduct must be *extreme and outrageous*; (2) the conduct must be *intentional or reckless*; (3) it must cause emotional distress; and (4) the distress must be *severe*." *Eck v. Oley Valley Sch. Dist.*, 2019 U.S. Dist. LEXIS 137743, *19-20, 2019 WL 3842399 (E.D. Pa. Aug. 15, 2019) (*citing Miller v. Comcast*, 724 F. App'x 181, 182 (3d Cir. 2018) (*quoting Bruffett v. Warner Commc'ns, Inc.*, 692 F.2d 910, 914 (3d Cir. 1982)) (emphases added).

42.    "To satisfy the first element, conduct must be 'extreme and outrageous' defined by Pennsylvania law to be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as *atrocious*, and *utterly intolerable in a civilized society*.' '*It is for the court to determine* in the first instance whether the conduct is extreme and outrageous, such that recovery may be permitted.'" *Eck*, *supra* at *20 (citations omitted) (emphases added).

43.    In addition to alleging sufficiently severe conduct, "to state a claim under which relief can be granted for the tort of intentional infliction of emotional distress, *plaintiffs must*

*allege physical injury*." *Id.* at \*20 (*citing Martin v. Comunale*, No. 03-06793, 2006 U.S. Dist. LEXIS 1692, 2006 WL 208645, \*12 (E.D. Pa. Jan. 18, 2006) (*citing Rolla v. Westmoreland Health Sys.*, 438 Pa. Super. 33, 651 A.2d 160, 163 (Pa. Super. 1994); *Hart v. O'Malley*, 436 Pa. Super. 151, 647 A.2d 542, 554 (Pa. Super. 1994), *aff'd*, 544 Pa. 315, 676 A.2d 222 (Pa. 1996) ("[I]t is clear that in Pennsylvania, in order to state a claim under which relief can be granted for the tort of intentional infliction of emotional distress, the plaintiffs must allege physical injury.")) (emphasis added).

44.     Plaintiff's Complaint is devoid of any facts to support an argument that the accused associate intended any harm to Plaintiff; or that she acted in an extreme or outrageous manner that was beyond the bounds of human decency.

45.     Plaintiff merely claims that he took offense when an associate allegedly made stray Christianity-based comments in a store foyer.

46.     Plaintiff also alleges no physical injury; he only claims emotional distress.

47.     There are no facts whatsoever to support a finding that Plaintiff experienced the serious emotional distress accompanied by physical injury that is required to prevail on an IIED claim.

48.     Accordingly, consistent with the Court's precedent and for the reasons set forth more fully in the Brief submitted herewith, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

**WHEREFORE**, Defendant, Walmart Inc. hereby respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety with prejudice.

<div style="margin-left:50%">

Respectfully submitted,
**MCDONNELL & ASSOCIATES, P.C.**

</div>

Dated: August 13, 2020        By:    */s/ Gwyneth R. Williams*
   Patrick J. McDonnell, Esquire
   Attorney I.D. No. 62310
   Email: pmcdonnell@mcda-law.com
   Gwyneth R. Williams, Esquire
   Attorney I.D. No. 319219
   Email: gwilliams@mcda-law.com
   500 Route 70 West
   Cherry Hill, NJ 08002
   (T) 856.429.5300 (F) 856.310.7900
   *Attorneys for Defendant*